68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis E. HARMON, Defendant-Appellant.
 No. 95-5244.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 12, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Louis E. Harmon appeals the two-year sentence he received for violating his supervised release. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in her view, there are no meritorious grounds for appeal. Harmon has filed a pro se supplemental brief alleging various errors including judicial bias and requesting a rehearing before a different judge. We affirm the sentence.
 
 
 2
 Harmon began serving a 3-year term of supervised release in April 1994. He violated it principally by using marijuana on several occasions (resulting in three positive urine tests) and assaulting his 78-year old step-grandfather (resulting in Harmon's arrest). Harmon did not contest the revocation of his supervised release, but he requested a sentence at the low end of the 5-11 month range set by the sentencing guidelines Chapter 7 policy statements. See United States Sentencing Commission, Guidelines Manual, Sec. 7B1.4(a) (Nov.1994).
 
 
 3
 The district court decided that the Chapter 7 guidelines were not binding and imposed the maximum sentence permitted where the original offense was a Class C felony, as Harmon's was.* 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995).
 
 
 4
 We find no merit in counsel's argument that an ex post facto violation occurred in that, prior to the 1994 amendment to Sec. 3583(e)(3), the district court was required to impose a sentence within the ranges set out in the Chapter 7 Revocation Table. We have held that the Chapter 7 policy statements were never binding. United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995).
 
 
 5
 In his pro se supplemental brief, Harmon complains that his 2-year revocation sentence was higher than his original 16-month sentence, and that he was not permitted to explain the state charge against him. The sentence was not erroneous, and Harmon in fact gave his version of the events leading to his arrest.
 
 
 6
 He further contends that the district court judged him unfairly because the court did not review the original presentence report and stated that Harmon was one of the more culpable members of the conspiracy although Harmon received a minor role adjustment when he was initially sentenced. The record discloses that the district court had previously sentenced Harmon and the other members of the conspiracy and was familiar with his case. The court's comments about Harmon's role were part of its explanation of its reasons for imposing the maximum sentence and were not evidence of bias.
 
 
 7
 Finally, Harmon suggests that his original presentence report contained errors. However, our review of the record reveals that his criminal history score was correct and that he stipulated to the amount of LSD which determined his offense level.
 
 
 8
 In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm the sentence. Harmon's motion for a rehearing before a different judge is denied.
 
 
 9
 This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Harmon was convicted of conspiracy to distribute LSD; his relevant conduct was 16.4 milligrams of LSD. 21 U.S.C.A. Secs. 846, 841(b)(1)(C) (West 1981 & Supp.1995)